**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4454

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HANDRIKUS LYKEIN DONTAE WEBB,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Donald C. Coggins, Jr., District Judge.  (8:23-cr-00753-DCC-1)

Submitted:  April 20, 2026                          Decided:  June 24, 2026

Before HARRIS and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

**ON BRIEF:**  Howard W. Anderson III, Pendleton, South Carolina, for Appellant.  Andrea Gwen Hoffman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Handrikus Lykein Dontae Webb pled guilty pursuant to a plea agreement to distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), (e). In his plea agreement, Webb agreed to waive the right to challenge his conviction and sentence on direct appeal, except based on claims of ineffective assistance of counsel, prosecutorial misconduct, and future changes in the law that affect his sentence. The district court sentenced Webb to 64 months' imprisonment and 3 years' supervised release. A mandatory condition of Webb's supervised release directs that he refrain from any unlawful use of a controlled substance and submit to certain drug tests. An additional condition of Webb's supervised release directs that he submit to substance abuse testing to determine whether he used a prohibited substance, contribute to the cost of such program "not to exceed the amount determined reasonable" by the Probation Office's "[s]liding [s]cale for [s]ervices," and cooperate in securing "any applicable third-party payment" ("the additional condition").

On appeal from the criminal judgment, Webb's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but raising as issues whether Webb's prison term is substantively unreasonable and whether the additional condition is improper because, with it, the district court unconstitutionally delegated a core judicial function to the Probation Office. Webb was informed of his right to file a pro se supplemental brief, but he has not done so. Invoking

2

the appeal waiver in Webb's plea agreement, the Government has moved to dismiss the appeal. Webb's counsel has filed a response to the motion.

Pursuant to a plea agreement, a defendant may waive his appellate rights. *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). Where, as here, the Government seeks enforcement of an appeal waiver and there is no claim that it breached its obligations under the plea agreement, we will enforce the waiver to preclude an appeal of a specific issue if the waiver is valid and the issue falls within the scope of the waiver. *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021). Whether a defendant validly waived his right to appeal is a question of law we review de novo. *Id.* The validity of an appeal waiver depends on whether the defendant knowingly and voluntarily waived his right to appeal. *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018). To determine whether a waiver is valid, we examine "the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *Id.* (internal quotation marks omitted).

We have thoroughly reviewed the record, the brief filed by Webb's counsel, and the submissions relative to the Government's dismissal effort and conclude that Webb entered into the appeal waiver knowingly and voluntarily. By the terms of the waiver, Webb is not precluded from challenging his sentence based on subsequent changes in the law. While this appeal was pending, this court held in *United States v. Jones* that the district court did not plainly err in sentencing a defendant when it imposed a special condition of supervised release requiring him to submit to substance abuse testing to determine whether he had used prohibited substances and contribute to the cost of such program, despite defendant's

3

argument that the condition unconstitutionally delegated a core judicial function to the Probation Office. 157 F.4th 375, 377-78 (4th Cir. 2025). Webb's counsel invokes *Jones* to support his unconstitutional delegation challenge, but *Jones* does not call Webb's sentence into question. In addition, counsel's substantive unreasonableness challenge to Webb's prison term does not implicate any subsequent change in the law. The challenges counsel raises fall squarely within the scope of Webb's valid appeal waiver.

In accordance with *Anders*, we also have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore grant the Government's motion to dismiss this appeal. This court requires that counsel inform Webb, in writing, of the right to petition the Supreme Court of the United States for further review. If Webb requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Webb.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

4